UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
ROSA CLAYTON,

                              Plaintiff,                   **COMPLAINT**

      -against-                            **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, and
POLICE OFFICER MATTHEW DIAS (TAX NO. 950320),

                              Defendants.
-------------------------------------------------------------------------------x

Plaintiff, ROSA CLAYTON, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in New York County, in the State of New York.

1

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff, ROSA CLAYTON, is, and has been, at all relevant times, a resident of Queens County in the City and State of New York.

7. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

8. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER MATTHEW DIAS (TAX NO. 950320), was an individual employed by the City of New York as a member of the NYPD. At all times hereinafter mentioned POLICE OFFICER MATTHEW DIAS was assigned to the 101st Precinct of the NYPD. Officer Dias is sued herein in his official and individual capacities.

9. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

10. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while

acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

12. On March 17, 2016, at approximately 4:30 p.m., plaintiff, ROSA CLAYTON, was lawfully present inside of a Dunkin Donuts located at 20-12 Mott Avenue in the County of Queens, City and State of New York.

13. At this time, Defendant Dias arrived at the location in uniform and on duty.

14. Upon information and belief, the managers of the Dunkin Donuts called the police for instance in breaking up a fight between several minors.

15. Ms. Clayton was not involved in any unlawful or suspicious activity, and she was not involved in this altercation.

16. At this time, the Plaintiff was a 59-year-old woman and she was reading inside of the location.

17. Upon his arrival at the location, without any probable cause or reasonable justification, Defendant Dias placed Ms. Clayton in handcuffs and formally arrested her.

18. Plaintiff was not engaged in any violent or threatening behavior, and did not resist arrest.

19. Plaintiff was taken outside, was placed in an NYPD vehicle and was transferred from that location to a stationhouse of local area precinct where she was held for several hours.

20. Plaintiff was eventually transferred from the local area precinct to Queens County Central Booking where she was held for several additional hours before she was arraigned on a criminal complaint containing false allegations sworn to by Defendant Dias

21. Pursuant to these false allegations, Plaintiff was charged with Obstructing Governmental Administration in the Second Degree and Disorderly Conduct.

22. These charges were made on the basis of false allegations sworn to by Defendant Matthew

Dias.

23. Defendant Dias provided these false statements to the Queens County District Attorney's Office knowing that there was no basis to support these allegations.

24. These and other allegations, information, and evidence, were false and the Defendant Dias knew them to be false when he made them.

25. At Plaintiff's arraignment, she was released and provided with a future court date, and she was required to return to Court on these false allegations.

26. Ms. Clayton's charges were eventually dismissed in her favor when she acceded to an adjournment in contemplation of dismissal.

27. The decision to arrest Plaintiff was objectively unreasonable under the circumstances.

28. At no time did there exist sufficient cause to seize or arrest Plaintiff, nor could the Defendant have reasonably believed that such cause existed.

29. The factual allegations and testimony sworn to by Defendant Dias were materially false and deliberately made to justify the illegal arrest of Plaintiff.

30. At no time did any other members of the NYPD take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against Plaintiff.

31. Defendant Dias intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements regarding the false allegations and misconduct described herein as required.

32. That at all times relevant herein, the Defendant Dias was on duty and acting within the scope of his employment, and his acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

# FIRST CAUSE OF ACTION

33. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

34. At no time did Defendants have any legal basis for arresting or imprisoning Plaintiff, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

35. Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

36. Defendants misrepresented and falsified evidence to the New York County District Attorney.

37. Defendants did not make a complete and full statement of facts to the District Attorney.

38. Defendants withheld exculpatory evidence from the District Attorney.

39. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

40. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

41. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

42. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

43. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

44. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff.

45. Notwithstanding the perjurious and fraudulent conduct of Defendants, the criminal proceedings were terminated in Plaintiff's favor when she acceded to an adjournment in

contemplation of dismissal.

46. By so doing, the individual Defendants, individually and collectively, subjected Plaintiff to false arrest and imprisonment, unlawful searches of person and property, fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

47. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

48. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

49. The NYPD Defendants assaulted, arrested, searched, and incarcerated Plaintiff, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate her constitutional rights.

50. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

52. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

53. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

54. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

55. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the

constitutional violations suffered by Plaintiff as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was searched and placed under arrest unlawfully.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

59. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

60. All of the foregoing acts by Defendants deprived Plaintiff of federally protected constitutional rights, particularly her Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial on each of the foregoing causes of action;

ii. an order awarding punitive damages in an amount to be determined at trial on each of the foregoing causes of action;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

      iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated:  New York, New York
          August 22, 2016

                              Respectfully submitted,

                              **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                              *Counsel for the Plaintiff*

                              /S/
        By:    JESSICA MASSIMI (JM-2920)
                32 Old Slip, 8th Floor
                New York, New York 10005
                (212) 962-1020